IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDY JONES,

         Plaintiff,                   No. CIV S-07-2017 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant.             ORDER

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will grant plaintiff's motion for remand, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

/////

/////

/////

/////

I. Factual and Procedural Background

In a decision dated July 21, 2006, the ALJ determined plaintiff was not disabled for the time period at issue in this action.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of left rotator cuff injury and degenerative disc disease but these impairments do not meet or medically equal a listed impairment; plaintiff has the residual functional capacity to perform light work with some postural limitations; for the period from April 28, 2001 through January 26, 2006, plaintiff was able to perform work existing in substantial numbers in the state economy and was not disabled during that time period; and for

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

the time period after January 26, 2006, plaintiff is disabled. Administrative Transcript ("AT") 33-34. Plaintiff contends, among other arguments, that the ALJ committed error in failing to comply with the technique set forth in the governing regulations for evaluating mental impairments.[2] This argument is dispositive.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence

---

[2] The other errors plaintiff asserts relate to the ALJ's failure to address Dr. O'Brien's internal medicine evaluation dated February 14, 2002. In light of the later assessment of Dr. Turkot from March 2005, which concluded plaintiff could perform light work, and the ALJ's reliance thereon, the court does not find the failure to discuss Dr. O'Brien's report constitutes reversible error. AT 23, 414-422. However, inasmuch as this matter is being remanded due to the ALJ's failure to adhere to regulations governing assessment of mental impairment, the ALJ should address on remand the weight accorded Dr. O'Brien's assessment. Additionally, any hypotheticals posed to the vocational expert must include all of plaintiff's limitations as supported by substantial evidence.

3

supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

Plaintiff asserts the ALJ committed reversible error by failing to follow the technique for evaluating the severity of mental impairments as set forth in 20 C.F.R. § 404.1520a.[3] The regulations require documentation of application of the technique in the ALJ's written decision.[4] 20 C.F.R. § 404.1520a. The ALJ is required to rate the degree of functional loss resulting from a mental impairment in four broad functional areas. These areas include activities of daily living, social functioning, concentration, persistence, or pace, and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). After the degree of limitation is rated, the severity of a claimant's mental impairment is determined. 20 C.F.R. § 404.1520a(d).

Throughout the application process, the Commissioner documents the application of the technique. At the administrative hearing level, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas. 20 C.F.R. § 404.1520a(e)(2). The ALJ must therefore rate, and include in the decision, (1) the

---

[3] Parallel regulations governing supplemental social security are found at 20 C.F.R. § 416.920a.

[4] Plaintiff cites Gutierrez v. Apfel, 199 F.3d 1048 (9th Cir. 2000), but acknowledges that case has been superseded by regulation. Previously, a PRTF (Psychiatric Review Technique Form) was required to be appended to the ALJ's decision. The regulation now only requires that the pertinent findings and conclusions based on the technique be incorporated into the decision. The regulation requiring incorporation of the findings and conclusions into the decision allows for meaningful review by the court in determining whether substantial evidence supports the ALJ's findings.

4

claimant's functional limitations in the areas of daily activities, social functioning, and concentration, persistence or pace as being either none, mild, moderate, marked, or extreme; and (2) the claimant's episodes of decompensation as either none, one or two, three or four or more. 20 C.F.R. § 404.1520a(c)(3)-(4), (e)(2). Where the degree of limitation in the first three functional areas is none or mild and none in the fourth area, the impairment is generally considered nonsevere. 20 C.F.R. § 404.1520a(d)(i).

Plaintiff presented a colorable claim of mental impairment. Plaintiff was examined several times by consulting mental health examiners, all of whom assessed plaintiff with mental limitations. AT 144, 248-250, 404-407, 409-413. The state agency psychiatrist also assessed plaintiff with moderate limitations in two of the areas of social functioning, which under the regulations would direct a finding that plaintiff's mental impairment was severe. AT 271; 20 C.F.R. § 404.1520a(d)(i). The Appeals Council also found plaintiff had presented a colorable claim of mental impairment, sufficient to require the ALJ to follow the special technique for evaluating mental impairments. AT 378.

The ALJ noted plaintiff alleged a severe impairment due to a depressive disorder, but cut short his analysis by finding the impairment was "non-severe" based on his judgment that plaintiff lacked credibility. AT 24-27. This analysis put the cart before the horse. If the ALJ rates each of the first three functional areas as either "none" or "mild," and the fourth functional area as "none," then the ALJ must so state and document the history, including findings and examinations, supporting the rating. Such documentation allows for proper review by the court.

Defendant concedes the technique was not properly followed but asserts the error was harmless because it did not affect the outcome of the case. Batson v. Comm'r Soc. Sec., 359 F.3d 1190, 1197 (9th Cir. 2004) (finding an error harmless where it did not negate the validity of the ALJ's ultimate conclusion). In light of the ALJ's total rejection of the opinions of all the examining mental health practitioners and the state agency psychiatrist, and the direct mandate of the Appeals Council to the ALJ to comply with 20 C.F.R. §§ 404.1520a and 416.920a, this court

5

cannot find such error harmless. Moreover, the Ninth Circuit recently has cautioned against dismissing such an error as a "mere technicalit[y]." See Selassie v. Barnhart, 203 Fed. Appx. 174, 176 (9th Cir. 2006). The matter will therefore be remanded so that application of the technique for evaluating the severity of mental impairments can be properly documented.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above for the time period from April 28, 2001 through January 26, 2006.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED: March 24, 2009.

_____
U.S. MAGISTRATE JUDGE

006
jones.ss

6