IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANDY JONES,

    Plaintiff,                    No. CIV S-07-2017 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.               ORDER

/

          Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees based on 3.85 hours in 2007 at the rate of $166.46 per hour for attorney time and 41.2 hours[1] in 2008-2009 at the rate of $172.85 per hour, 7.05 hours at the rate of $106.00 for paralegal time, and $368.33 for costs, for a total amount of $8,877.92. Defendant does not contest the award of fees or costs, the hourly rate, the paralegal billing, or that the fees should be made payable to plaintiff's counsel. Defendant does contend that the amount of hours claimed for preparation of the motion for summary judgment is unreasonable.

/////

---

[1] In the moving papers, plaintiff requested 40.3 hours for 2008-2009. This amount was amended in the reply by 0.9 hours for preparation of the reply papers.

1

1  The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  As noted, defendant contends that the hours expended by plaintiff's counsel are unreasonable.  Specifically, defendant argues that 36.1 hours for preparation of the motion for summary judgment and 5.5 hours for the reply is excessive.  Defendant suggests that expending 16.6 fewer hours on these tasks would have been reasonable.

In reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, and the time expended on tasks as set forth in plaintiff's schedule of hours, the court has determined the hours claimed are reasonable.  The court notes counsel did not represent plaintiff at the administrative level and had to become familiar with the case, which included a 602 page administrative transcript.  Plaintiff's case presented a complex constellation of physical and mental issues, and the briefing was extensive. The court has scrutinized closely the hours claimed by counsel and finds no reason to believe they are inflated.  Counsel therefore will be paid for the claimed hours of attorney time spent in the prosecution of this action.

Accordingly,  IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $8,877.92.  This amount shall be made payable to plaintiff's counsel.

DATED:  September 28, 2009.

_____
U.S. MAGISTRATE JUDGE

006 jones.fee

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26